IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JAMES LEE McCLAIN**                                                                                          **PLAINTIFF**

v.                                      CIVIL NO.  5:15-cv-5113

**JUDGE WILLIAM STOREY,
PROSECUTING ATTORNEY JOHN THREET,
JUDGE RAY REYNOLDS, JUDGE MARK
LINDSAY, ATTORNEY CHARLES DUELL,
ATTORNEY AUTUMN TOLBERT, and
ATTORNEY DAVID HOGUE**                                                             **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.    BACKGROUND

According to the allegations of the complaint, the Plaintiff, James Lee McClain, was arrested in April of 2014, possibly for residential burglary.  ( Doc. 1, p. 19-21).  The Plaintiff argues that he knew the occupants of the apartment and that he was arrested illegally and with no probable cause. (Doc. 1, p. 19).    The Plaintiff is currently being held in the Washington County Detention Center.

### II.    DISCUSSION

As set forth above, under the PLRA, the Court is obligated to screen the complaint prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it

contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See* West v. Atkins, 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While *pro se* complaints are to be construed liberally, courts must still apply the "plausibility standard." *See* Ventura-Vera v. Dewitt, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

The claims asserted by Plaintiff are clearly subject to dismissal as they are frivolous or are asserted against individuals immune from suit. First, Judge William Storey, Judge Mark Lindsay, and Judge Ray Reynolds are immune from suit under 42 U.S.C. § 1983. Mireless v. Waco, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also* Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994).

Second, Prosecuting Attorney John Threet and Deputy Prosecutor Charles Duell are immune

from suit.  The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  Id., 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  Id., 424 U.S. at 430.  *See also* Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Finally, Attorney Autumn Tolbert and Attorney David Hogue not subject to suit.  A § 1983 complaint must allege that each Defendant, acting under the color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  DuBose v. Kelly, 187 F.3d 999 (8th Cir. 1999).  Although it is unclear what Plaintiff's allegations are against Tolbert, Tolbert is a public defender and a public defender does not act under the color of state law when performing traditional functions as counsel.  Polk County v. Dodson, 454 U.S. 312, 318 (1981).  It is also unclear what Plaintiff's allegations are against Hogue.  However, Hogue is a private attorney and is not subject to suit under § 1983.  Dotlich v. Kane, 497 F.2d 390, 391 (8th Cir. 1974).

### III.   CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint and Addendum (Doc.  1, 6) be **DISMISSED WITH RESPECT TO ALL CLAIMS.**  These claims are frivolous and are subject to dismissal under 28 U.S.C. § 1915A(b).  The dismissal of this action counts as a strike under 28 U.S.C. 1915(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 28th day of July, 2015.**

/s/ *Erin L. Setser*
   HON. ERIN L. SETSER
   UNITED STATES MAGISTRATE JUDGE