IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JAMES LEE MCCLAIN**                                                                                    **PLAINTIFF**

**V.**                              **CASE NO.: 5:15-CV-05113**

**JUDGE WILLIAM STOREY;
PROSECUTING ATTORNEY JOHN THREET;
JUDGE RAY REYNOLDS; JUDGE MARK
LINDSAY; ATTORNEY CHARLES DUELL;
ATTORNEY AUTUMN TOLBERT; and
ATTORNEY DAVID HOGUE**                                                                                 **DEFENDANTS**

## ORDER

On July 28, 2015, the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, submitted a Report and Recommendation ("R & R") (Doc. 7) following the pre-service screening of Plaintiff James McClain's Complaint (Doc. 1) and Addendum (Doc. 6). According to the Complaint and Addendum, McClain contends he was arrested illegally, without probable cause, for residential burglary. He maintains that the judges who presided over his State criminal case, the State prosecutors, and his own attorneys violated his constitutional rights in prosecuting the matter. After reviewing the case, the Magistrate Judge now recommends dismissal due to the fact that all Defendants are either immune from suit or are private citizens, rather than State actors or individuals who acted under color of law.

On August 6, 2015, McClain timely filed objections (Doc. 8) to the R & R. Then, on August 12, 2015, he filed a document entitled "Additional Facts to Plaintiff James Lee McClain Objections to Report and Recommendations" (Doc. 9), which the Court has

1

construed as additional objections. According to 28 U.S.C. § 636(b)(1), the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Consequently, the Court has conducted a *de novo* review of the case, paying particular attention to those portions of the R & R to which McClain objected.

In examining McClain's objections, none of them address why the Magistrate Judge's legal conclusions were incorrect, either by citing to certain relevant facts or to contrary legal precedent. Instead, the objections concern only three Defendants: Judge Mark Lindsay, Judge William Storey, and private attorney David Hogue. As to Judge Lindsay, McClain merely states without further explanation that the judge "acted under color of state law, and deprived the plaintiff of his due process right by entering a conviction and or sentence on May 6th 2015," and also "chang[ed] William Storey's sentencing order." (Doc. 8, p. 8). McClain fails, however, to recognize that these judicial functions—entering a conviction, conducting sentencing proceedings, and amending orders—are entitled to absolute immunity from suit, as explained in detail in the R & R. Next, McClain asserts that he "has proof of the sentencing orders both from Mark Lindsay and William Storey to [sic] which proves that plaintiff was sentenced twice for [the] same offense[—]double jeopardy." (Doc. 9, p. 3). Again, Judges Lindsay and Storey are immune from suit under 42 U.S.C. § 1983 for performing these judicial functions, a fact which McClain fails to address. Lastly, McClain argues that his former attorney, David Hogue, should remain a Defendant in the lawsuit because Hogue deprived McClain of his due process rights by "withh[olding] important documents proving [McClain's] innocence." (Doc. 8, p. 9). This objection by McClain is similarly without merit, as he fails to address why Hogue, a private actor, would

be subject to suit pursuant to § 1983 in the first place.

In light of the above reasoning, **IT IS ORDERED** that McClain's objections are overruled, and the R & R (Doc. 7) is **ADOPTED IN ITS ENTIRETY**. The case is **DISMISSED WITHOUT PREJUDICE** due to frivolousness, immunity issues, or for failure to state a claim.

**IT IS FURTHER ORDERED** that the dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk is directed to place a strike flag on the case.

**IT IS SO ORDERED** on this 5th day of October, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3